SUMMARY ORDER

Petitioner Feng Mei Yang, a native and citizen of the People’s Republic of China, seeks review of a May 1, 2008 order of the BIA affirming the November 7, 2006 decision of Immigration Judge (“LI”) Gabriel C. Videla, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Feng Mei Yang, No. A97 442 151 (B.I.A. May 1, 2008), affg No. A97 442 151 (Immig. Ct. N.Y. City Nov. 7, 2006). We assume the parties’ familiarity *69 with the underlying facts and procedural history of the case.
When the BIA does not expressly “adopt” the IJ’s decision, but its brief opinion closely tracks the IJ’s reasoning, we may consider both the IJ’s and the BIA’s opinions for the sake of completeness if doing so does not affect our ultimate conclusion. See Jigme Wangchuck v. DHS, 448 F.3d 524, 528 (2d Cir.2006). We review the agency’s factual findings under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008). We review de novo questions of law and the application of law to undisputed fact. See, e.g., Salimatou Bah v. Mukasey, 529 F.3d 99, 110 (2d Cir.2008).
The agency did not err in finding that Yang failed to establish her eligibility for relief. As the IJ found, Yang did not demonstrate that she suffered past persecution at the hands of the Chinese government where she failed to show that the closing of her family’s business and the imposition of a 20,000 RMB fine rose to the level of persecution. We have held that to present a cognizable claim of economic persecution, “an asylum applicant must offer some proof that [she] suffered a deliberate imposition of substantial economic disadvantage.” Guan Shan Liao v. U.S. Dep’t of Justice, 293 F.3d 61, 70 (2d Cir.2002). The facts to which Yang testified do not demonstrate economic persecution, particularly where she paid snake-heads $60,000 to bring her to the United States after the fine was levied. In other words, she did not show that “[t]he economic difficulties [are] above and beyond those generally shared by others in the country of origin and involve noticeably more than mere loss of social advantages or physical comforts.” Matter of T-Z-, 24 I. & N. Dec. 163, 173 (BIA 2007).
Substantial evidence also supports the IJ’s conclusion that Yang failed to demonstrate that she has a well-founded fear of future persecution. Indeed, Yang’s desire to have three children in the future is too speculative to merit relief, and is insufficient to meet her burden. See Jian Xing Huang v. INS, 421 F.3d 125, 128-29 (2d Cir.2005).
Finally, Yang’s illegal departure claim is also without merit. The IJ properly found that any sanctions imposed on Yang would constitute prosecution, not persecution, and that the “general evidence” submitted by Yang was insufficient to establish her eligibility for CAT relief, i.e., a likelihood of torture. See Saleh v. U.S. Dep’t of Justice, 962 F.2d 234, 239 (2d Cir.1992) (“punishment for violation of a generally applicable criminal law is not persecution”); Mu Xiang Lin v. U.S. Dep’t of Justice, 432 F.3d 156, 157-158 (2d Cir. 2005) (holding that a petitioner whose CAT claim was based on her illegal departure from China was required to present particularized evidence that suggested that, if repatriated, she will “more likely than not be subjected to torture”).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).